John W. ROWE, Relator,

v.

The Honorable Louis MOORE, Presiding Judge of the 281st Judicial District Court, of Harris County, Texas, Respondent.

No. 01–88–00632–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 18, 1988.

T. Gerald Treece, Houston, for relator.

James J. McConn, Jr., Houston, for respondent.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

In this original proceeding, relator, John W. Rowe, seeks a writ of mandamus to correct an alleged abuse of discretion by the respondent, the Honorable Louis Moore, in connection with the issuance of an order on July 8, 1988. This Court granted leave to file relator's petition on the tentative opinion that relator was entitled to the relief sought. Tex.R.App.P. 121(c). For the reasons stated below, we conclude that relator's motion for leave to file was improvidently granted. We now withdraw leave to file, and overrule relator's motion for leave to file.

Rowe, the relator, is a homeowner in the Greenwood Forest Subdivision. Rowe and other homeowners in his subdivision successfully prosecuted a nuisance action against the real party in interest, Champion Forest Baptist Church. These homeowners sought to permanently enjoin the construction of a parking garage by the Church at its proposed location within 10 feet of the contiguous property line between Church property and land owned by the plaintiff homeowners.

The respondent presided over the jury trial on the nuisance action and a hearing on the equities involved in granting a permanent injunction. On November 30, 1987, the respondent issued a permanent injunction prohibiting the construction of the proposed parking garage at its proposed location on Church property.

After the issuance of the injunction, the Church abandoned its plan to construct the parking garage at the location litigated in the nuisance action, i.e., on land immediately adjacent to that owned by the plaintiff homeowners, and instead proposed to make the following changes to the previous plans for the construction and maintenance of the garage: (1) move the proposed garage site away from the land owned by the plaintiffs according to the following schedule: 110 feet from the south Church property line, 165 feet from the north Church property line, and 65 feet from the west Church property line; (2) alter the design and staffing requirements for egress from the garage to expedite the flow of traffic when the garage is in use; (3) provide a landscaped greenbelt on the borders of the Church property surrounding the garage to provide a suitable screen to contiguous property; and (4) use necessary measures to adequately secure the garage.

Rowe and the other plaintiffs moved the court to hold the Church in contempt, alleging that the construction of the parking garage at the new proposed location violated the court's permanent injunction. On July 8, 1988, respondent issued an order that (1) overruled relator's motion to hold the Church in contempt, and (2) provided that, as long as it complied with the provisions of the order corresponding to the newly proposed location and the other amendments to the previous plans recited above, the Church would not be in violation of the permanent injunction.

At the outset, we note that, although relator alleges that the respondent erred in issuing the order of July 8, 1988, relator has failed to state the specific relief sought by the writ of mandamus. *See* Tex.R.App.

P. 121(a)(2)(D).[1] In the absence of a sufficient prayer for relief, the petition provides no basis to determine the specific coercive commands to be contained in the extraordinary writ being sought. Are we being asked to compel the respondent to delete the "compliance" provisions inserted in the order? Are we being asked to vacate the July 8 order? Or is relator seeking a writ vacating the order *and* compelling the respondent to hold the Church in contempt?

■ When a court asked to issue an extraordinary writ is reduced to speculation about the object of its coercive powers, the petition is insufficient. *See, e.g., Fisher v. Harris County Republican Executive Comm.*, 744 S.W.2d 339, 340–41 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding) (petition insufficient; "stringent test of exactness" applied to review of sufficiency of petition because extraordinary nature of writ requires specific, positive averments showing a clear and unqualified right to the writ).

Although not specifically stated, relator presumably seeks a writ vacating the July 8 order, and compelling respondent to hold the Church in contempt for violating the permanent injunction. Assuming that this is the relief sought in relator's petition, this Court has jurisdiction to issue such a writ. Tex.Gov't Code Ann. sec. 22.221(b) (Vernon Pamph.1988); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (since June 19, 1983, courts of appeals have exercised concurrent mandamus jurisdiction with the supreme court over district judges); *Allen v. Woodward*, 111 Tex. 457, 239 S.W. 602 (1922) (where trial court refused to hold a contempt hearing on alleged violation of mandatory injunction by real party in interest, mandamus lies to compel court to proceed with show cause hearing, and to make *such other orders as may be necessary to carry the judgment of the court into execution*); *Blair v. Blair*, 408 S.W.2d 257, 258 (Tex.App.—Dallas 1966, no writ) (because trial court's order that party *was not* in contempt was

not appealable order, and because conviction is required for review by writ of habeas corpus, remedy of party seeking enforcement of court decree through motion for contempt is writ of mandamus). *Cf. Beauchamp v. Onion*, 467 S.W.2d 685 (Tex.App.—San Antonio 1971, orig. proceeding) (court states that then-existing difference in scope of mandamus powers of courts of appeals and supreme court restricted jurisdiction of courts of appeals to writs ordering district judges to proceed to trial and judgment, and concludes that, where the trial court had *already reached a decision on the merits of the contempt proceeding* in refusing to hold the real party in interest in contempt, court of appeals lacked jurisdiction to issue the writ because the relief sought by relator was merely a writ compelling the trial court to proceed to judgment on the merits of the contempt action); *Starr County v. Laughlin*, 283 S.W.2d 830 (Tex.App.—San Antonio 1955, orig. proceeding) (same).

■ To be entitled to a writ of mandamus, relator must show a clear abuse of discretion by the trial court. The relator must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

Here, the permanent injunction enjoined the construction of the Church parking garage at the "proposed site" and "proposed location." Subsequent to the entry of the injunction, the Church moved the proposed site away from the plaintiffs' property lines, and proposed several other amendments to the construction plans, including the addition of a greenbelt between the garage and the subdivision.

Because the Church is free to construct on its property any structure that does not violate the specific terms of the injunction, and the court's decree enjoined only the construction of the garage at the proposed site litigated in the nuisance trial, relator

---

1. Tex.R.App.P. 121(a)(2)(D) provides:
   The petition *shall state the relief sought* and the basis for the relief, as well as the compel-

ling circumstances which establish the necessity for the writ to issue.
(emphasis supplied).

has not shown that the newly proposed site violates the injunction as a matter of law.

More to the point, relator has failed to demonstrate that the facts and law required the respondent to hold the Church in contempt for violating the injunction.

■ A contempt proceeding in Texas is a quasi-criminal proceeding, and where the allegation is the violation of a court order or decree, the order must be written, clear, and unambiguous. *Ex parte Johnson*, 654 S.W.2d 415, 420 (Tex.1983). Here, it was within the respondent's discretion to determine at the contempt hearing that the Church had not violated his previous injunction; or that the Church had substantially, and in good faith, attempted to comply with the injunction. Either of these possible conclusions would justify the result of the July 8 order. *In re Halsey*, 646 S.W.2d 306, 308 (Tex.App.—Dallas 1983, orig. proceeding) (while disclaimer of intent to violate order does not excuse contempt, contemnor's good faith, though erroneous, interpretation of obligations may be considered in mitigation of, and even as purging the contempt); *Ex parte Sweeney*, 628 S.W.2d 855, 858 (Tex.App.—Fort Worth 1982, orig. proceeding) (where contemnor shows good faith attempt at substantial compliance, element of disrespectful, contemptuous disobedience is lacking).

Leave to file relator's petition for writ of mandamus was improvidently granted, and is hereby withdrawn. Relator's motion for leave to file is overruled. Tex.R.App.P. 121(c).