Noffie JOHNSON, Relator,

v.

The Honorable Bill McADAMS, Judge of the 12th District Court of Walker County, Texas, Respondent.

No. 01–89–01048–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 7, 1989.

On Rehearing Jan. 11, 1990.

**452**

Noffie Johnson, Huntsville, pro se.

Frank Blazek, Crim. Dist. Atty., Walker County, Huntsville, for respondent.

Before SAM BASS, DUNN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

Noffie Johnson, relator, asks this Court to issue a writ of mandamus against Judge Bill McAdams, respondent. Johnson filed a suit against prison officials for assault and battery in Judge McAdams' court on July 3, 1989. Johnson appeared pro se in the trial court and in this Court.

■ We will issue a mandamus only to compel a trial judge to perform a clear legal duty. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917–18 (Tex. 1985). Rule 121(a)(2)(D), Tex.R.App.P., requires a petitioner to identify the relief he seeks, the rationale for the relief, and the compelling circumstances for the issuance of the writ of mandamus.

The Supreme Court directs us to seek the substance of a pro se complaint by reviewing pro se applications with liberality and patience. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Eubanks v. McKotter*, 802 F.2d 790, 792 (5th Cir.1986).

A more-than-generous reading of Johnson's application shows that Johnson has two complaints. First, Johnson asserts that Judge McAdams has not "ruled on" his suit. Second, Johnson contends the clerk of Judge McAdams' court has not issued citation on the prison officials.

■ As to the first complaint, Johnson's broad assertion that Judge McAdams has not "ruled on" his suit does not state that Johnson has a clear right that Judge McAdams violated when he refused to perform his duty. Johnson did not state why he was entitled to have Judge McAdams rule, nor what duty Judge McAdams breached when he did not rule.

■ As to the second complaint, Johnson seems to contend that under rule 145, Tex. R.Civ.P., he was entitled to have the clerk serve citation on the prison officials. Rule 145, which applies when a plaintiff files an affidavit of inability to pay costs, requires the clerk "to docket the action, issue citation and provide such other customary services as are provided any party."

Johnson's application does not prove he is entitled to mandamus relief. Rule 145 requires the clerk of Judge McAdams's court to issue and serve citation *only* if Johnson filed affidavit of inability to pay costs. Nowhere in his application does Johnson allege he filed an affidavit of inability to pay costs with the trial court. Nor did Johnson attach a copy of an affidavit of inability to pay costs to his application for writ of mandamus. From Johnson's application for writ of mandamus, we do not know if Johnson has a right to service of citation under rule 145. If Johnson does not have a right to service under rule 145,

neither the clerk nor Judge McAdams breached any duty to him under that rule.

■ Even though we construe Johnson's application liberally, liberal construction cannot supply missing facts. We require even pro se applicants for mandamus relief to plead facts that entitle them to relief. *See Johnson v. Hughes*, 663 S.W.2d 11, 12 (Tex.App.—Houston [1st Dist.] 1983, orig. proceeding). On this record, we do not know if Johnson filed an affidavit of inability to pay costs.

■ We will not issue a writ of mandamus when the application for the writ leaves us speculating about the justification for the requested coercive action. *Rowe v. Moore*, 756 S.W.2d 117, 119 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding).

We overrule the motion for leave to file a petition for writ of mandamus, without prejudice to Johnson's right to refile.

On Motion for Rehearing

PER CURIAM.

Noffie Johnson, relator, has filed a motion for rehearing, asking again that we issue a writ of mandamus compelling the respondent, the Honorable Bill McAdams, to docket and issue citation on a case allegedly filed in Judge McAdams's court.

■ We overrule the motion for rehearing. Johnson has attached an exhibit to his motion showing that his tort complaint was filed and docketed in the 278th District Court. Judge McAdams sits in the 12th District Court and has no duty to rule on a complaint filed in another court.