**William E. FRINK, Relator,**

v.

**The Honorable James BLACKSTOCK, Judge of the County Court at Law Number Three and Probate Court of Brazoria County, Texas, Respondent.**

**No. 01–91–00501–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 1991.

Charles W.R. Brown, Houston, for relator.

Mark R. Davis, Lake Jackson, for respondent.

Before SAM BASS, O'CONNOR and WILSON, JJ.

## OPINION

SAM BASS, Justice.

The previous opinions are withdrawn and the following opinions are substituted. Relator, William E. Frink, seeks a writ of mandamus compelling respondent to vacate his purported order requiring Frink, a resident of Kansas, to personally attend all contested hearings in the underlying will contest. Relator contends that respondent's purported order "is not supported by the Texas Rules of Civil Procedure, Texas Rules of Evidence, Texas Law or the Texas Constitution and is a clear abuse of discretion." Relator further asserts that the purported order violates the equal protection "clauses" of the United States Constitution because it requires Frink to attend all contested hearings, but does not require the proponent of the will, a Texas resident, to attend all such hearings.

The only exhibits accompanying Frink's petition are a statement of facts titled "Excerpt of Hearing" and an affidavit of his attorney, Charles W.R. Brown, summarizing some of the procedural events in the trial court; no certified copy of a written order or of any other pleading in the case accompanies the petition. No brief of authorities accompanies the petition because, relator asserts, "no known authority exists for the complained of Order." Nor are there any factual assertions in the petition showing why or how this matter arose. Frink's attorney's affidavit states, "Judge Blackstock issued on his own motion the order complained on this writ of mandamus to prevent the elderly out of state contestant or his attorney from being heard in court." The affidavit also states that the proponents have filed a motion under TEX. R.CIV.P. 12 that challenges the authority of Brown to represent Frink.

The "Excerpt of Hearing" shows that respondent made the following statement at the hearing:

It will be my order that contestant, Mr. William H. Frink, is to appear absent some doctor's verification that he is physically unable to be present at any subsequent hearing that is contested before this Court. Counsel is present and in open court standing before me and this is made on the record and I am of the opinion and so stated to counsel that I feel like we have a situation that is not equal, that we have been involved since I have taken the case in extensive contested litigating at significant expense and expenditure of time and on one side's part with the other side enjoying the luxury of appearing through counsel and I don't deem that to be fair in this situation.

So, it will be my order that he appear at subsequent contested hearings absent some doctor's excuse that would keep him home for medical reasons.

The relator must plead facts that entitle him to relief. *Johnson v. McAdams*, 781 S.W.2d 451, 453 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).

In a mandamus proceeding, courts require greater certainty of pleadings than is required in most other civil actions. The relator's petition must clearly and

directly set out the facts that entitle him to relief. This "stringent test of exactness" is necessary, because mandamus is an extraordinary remedy that should not issue "without careful, individual scrutiny of the facts alleged." Therefore, the writ is not available unless the petition is "specific and positive in its averments" showing a clear and unqualified right to the writ.

*Fisher v. Harris County Republican Executive Committee,* 744 S.W.2d 339, 340 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding) (citations omitted). The facts showing that relator is entitled to relief may be established by accompanying the petition with "authenticated copies of pertinent papers from the clerk of the ... court, certificates of court officials including the judge, affidavits in verification of the petition of material facts made a part of the petition, and exhibits desired to be considered as evidence." *Johnson v. Hughes,* 663 S.W.2d 11, 12 (Tex.App.—Houston [1st Dist.] 1983, orig. proceeding).

The petition states no facts and is accompanied by no exhibits showing how or why the respondent was called upon to rule on the issue of Frink's attendance at hearings on contested matters. To hold that respondent abused his discretion, without knowing the context in which this issue arose, we would be constrained to conclude that such action constitutes an abuse of discretion in every conceivable situation that might be confronting the respondent. We decline to so conclude. The respondent may have made the quoted statement in an attempt to move the rule 12 motion toward a hearing and ruling; Frink would be the witness who could best establish Brown's authority to represent Frink. We will not issue a writ of mandamus when the petition leaves us speculating about the justification for the requested coercive action. *Johnson,* 781 S.W.2d at 453; *Rowe v. Moore,* 756 S.W.2d 117, 119 (Tex.App.—Houston [1st Dist.] 1988, mand. overr.); *see also Johnson,* 663 S.W.2d at 12 (copies of two orders and a copy of a security agreement was an insufficient record upon which to grant mandamus relief).

Additionally, Frink has not shown that respondent's statement in the record constitutes an enforceable order. For example, we note that for a person to be held in contempt for violation of an order, it must be *written,* clear, and unambiguous. *Ex parte Johnson,* 654 S.W.2d 415, 420 n. 2 (Tex.1983); *Rowe,* 756 S.W.2d at 120. Again, the petition requires us to speculate concerning the justification of the requested coercive action. *Johnson,* 781 S.W.2d at 453; *Rowe,* 756 S.W.2d at 119.

We are not in disagreement with the concerns expressed in the dissent for the potential abuse of such an order. The dissent suggests that we invite a response from the real party in interest, "to explain Judge Blackstock's ruling." We believe the burden and expense of explaining should be borne by relator.

Accordingly, we overrule the motion for leave to file the petition for writ of mandamus.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

I dissent from the opinion denying the motion for leave to file the petition for writ of mandamus. The underlying lawsuit is a will contest pending before Judge Blackstock, the respondent, in County Court at Law Number Three and Probate Court of Brazoria County. William E. Frink, the relator, filed a motion for leave to file a petition for writ of mandamus, complaining that Judge James Blackstock ordered him to appear at every contested hearing. The real party in interest is Julia Loraine Pickle Kleiber, the other party in the suit below.

Mr. Frink is a resident of Kansas and says that the court's order will cause him great inconvenience and expense. Mr. Frink argues that the court's order violates his right to equal protection under the United States Constitution because Ms. Kleiber, who is a resident of Texas, is not required to attend every hearing.

To prove the substance of the trial court's order, Mr. Frink filed an excerpt from a hearing, quoted in the majority's opinion. At that hearing, Judge Black-

stock stated he was of the opinion that the situation between the two parties was not equal because Frink enjoyed "the luxury of appearing through counsel," which he did not think fair. It is not a "luxury" to appear by counsel. It is a right, granted by our rules of procedure and protected by the Constitution of the United States.

Rule 7 of the Texas Rules of Civil Procedure states:

> Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court.

The trial court's ruling violates rule 7. *See Rainwater v. Haddox,* 544 S.W.2d 729, 732 (Tex.App.—Amarillo 1976, no writ) (whatever a person has the legal capacity to do, he may do through his attorney). I cannot imagine any situation that could possibly justify such a ruling.

Rule 121(c) of the Texas Rules of Appellate Procedure states that we should grant leave to file if we are of the *tentative* opinion that relator is entitled to the relief he seeks. I am of the tentative opinion that Mr. Frink is entitled to the relief he seeks. Rule 121(c) also states that we may request the respondent or the real party in interest to reply to the motion for leave to file the petition for writ of mandamus. We may ask for a reply without granting leave to file; rule 121 does not require that we first grant leave to file. We should, at a minimum, invite a response to the petition for leave to file to explain Judge Blackstock's ruling.

The majority faults Mr. Frink for not providing us with a written order. More than once, we have granted mandamus on an oral order when the party has provided a transcript of the hearing where the order was pronounced. *See, e.g., Hardy v. McCorkle,* 765 S.W.2d 910, 914 (Tex.App.—Houston [1st Dist.] 1989) (orig. proceeding) (writ of prohibition issued on oral order). The majority faults Mr. Frink for not providing us with the context of the order. By its very nature, a mandamus action is a slice of what happened at the trial. Today's opinion will require future relators to provide a full transcription of a large part

of a case. The majority faults Mr. Frink because he has not shown that the order is enforceable. If the majority is taking the position that an oral order, pronounced in open court and on the record, is not enforceable until it is reduced to writing, today's opinion will have consequences far beyond this mandamus proceeding.

The majority states that

> To hold that respondent abused his discretion, without knowing the context in which this issue arose, we would be constrained to conclude that such action constitutes an abuse of discretion in every conceivable situation that might be confronting the respondent.

With all due respect, the majority is wrong. If we granted a mandamus on this record, the majority would be correct. This, however, is not a mandamus; this is merely the motion to grant leave to file the petition for the mandamus.