COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

GAYLAND D. WILLIAMS,                                 )

                                                                              )              
No.  08-03-00396-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 
83rd District Court

WARDEN CASAL, CAPT.
CONZALES,           )

SGT. DEANDA, and SGT.
TRUJILLO,                )             
of Pecos County, Texas

                                                                              )

Appellees.                          )               
(TC# P-6028-83-CV)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Appellant Gayland
D. Williams appeals the dismissal of his civil suit against four employees of
the Texas Department of Criminal Justice-Institutional Division.  See Tex.Civ.Prac.&Rem.Code
Ann. ' 14.003
(Vernon 2002).  In four issues, Appellant
argues that the trial court abused its discretion in dismissing his claims as
frivolous without holding a hearing on the merits and that it did not apply the
correct legal standard or legal principles. 
We affirm the trial court=s
order.








Appellant Gayland
D. Williams is an inmate in the James A. Lynaugh Unit, Texas Department of
Criminal Justice-Institutional Division (ATDCJ@) who proceeding pro se, filed
this lawsuit against Appellees Warden Casal, Capt. Gonzales, Sgt. Deanda, and
Sgt. Trujillo, in their official capacities as TDCJ employees under the Texas
Tort Claims Act, Tex.Civ.Prac.&
Rem.Code Ann. '
101.021(B).  In his petition, Appellant
alleged that Appellees violated his civil rights and his Eighth Amendment by
being deliberately indifferent to him receiving thermal underwear on November
14, 2000, November 21, 2000, and December 26, 2000.  Appellant also alleged that his Acause of action arises under the
violations of the Civil Rights Act-T.D.C.J.-ID and the Eighth Amendment of the
United States Constitution@
and that the jurisdiction of the trial court was Ainvoked
pursuant to Chapter 101.021(B) of the V.T.C.A. Civil Practice and Remedies
Code.@  Appellant sought a declaratory judgment that
his civil rights had been violated, injunctive relief, and punitive and
compensatory damages in the amount of $500,000 under Section 14.003 of the Tex.Civ.Prac.&Rem.Code Ann., as
well as reasonable attorney=s
fees and costs.  Appellees filed an
answer and plea to the jurisdiction, asserting that Appellant=s suit was frivolous  and that the trial court lacked jurisdiction
because there was no waiver of sovereign immunity by the State.

By its order
entered on July 1, 2003, the trial court dismissed Appellant=s suit as to all claims and gave the
following reasons in its order:  (1)
Appellant=s failure
to plead facts which, if true, would constitute a waiver of sovereign immunity
under the Texas Tort Claims Act; (2) Appellant alleged a violation of his civil
rights which is not a matter contemplated as a violation of the Texas Tort
Claims Act; (3) Appellant had failed to comply with inmate filing requirements
contained in Section 14.004 of the Texas Civil Practice and Remedies Code; (4)
Appellant had failed to comply with the provision of Sections 14.005(b) and
14.006 of the Texas Civil Practice and Remedies Code; and (5) Appellant had
failed to establish an exhaustion of remedies available to him under Section
501.008 of the Texas Government Code.

 








Sovereign
Immunity 

Under the doctrine
of sovereign immunity, the State of Texas, its agencies, and its officers may
not be sued without the consent of the legislature.  Federal Sign v. Texas Southern University,
951 S.W.2d 401, 405 (Tex. 1997).  In the
absence of the State=s
consent to suit, a trial court lacks subject matter jurisdiction.  Texas Dep=t.
of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  Whether the trial court has subject matter
jurisdiction is a question of law subject to de novo review.  See Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144, 119 S.Ct.
2018, 143 L.Ed.2d 1030 (1999).  Absence
of subject matter jurisdiction may be raised by a plea to the
jurisdiction.  Bland Independent
School Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).

The plaintiff has
the burden to allege facts affirmatively demonstrating that the trial court has
subject matter jurisdiction.  Texas
Ass=n of Bus.
v. Texas Air Control Board, 852 S.W.2d 440, 446 (Tex. 1993).  We take as true the facts plead in the
plaintiff=s
petition in determining whether those facts support jurisdiction in the trial
court, and we may review the entire record to determine if there is
jurisdiction.  Id. at 446.  If the petition does not allege
jurisdictional facts, then plaintiff=s
suit is subject to dismissal if it is impossible to amend the pleadings to
confer jurisdiction.  Id.

In a suit against
the State, as in this case, the plaintiff must allege consent to suit either by
reference to a statute or to express legislative permission.  Jones, 8 S.W.3d at 638.  In Appellant=s
original petition, he asserted that the State=s
sovereign immunity had been waived under Section 101.021(B) of the Tex.Civ.Prac.&Rem.Code Ann.  Section 101.021 of the Texas Tort Claims Act
provides:








A governmental unit in the state is
liable for:

 

(1)        property damage, personal injury, and
death proximately caused by the wrongful act or omission or the negligence of
an employee acting within his scope of employment if:

 

(A)       the property damage, personal injury, or
death arises from the operation or use of a motor-driven vehicle or
motor-driven equipment; and 

 

(B)       the employee would be personally liable
to the claimant according to Texas law; and 

 

(2)        personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.  

 

Tex.Civ.Prac.&Rem.Code
Ann. ' 101.021
(Vernon 1997).

Through his
pleadings, Appellant was required to allege facts that, if true, would indicate
a viable cause of action within the Tort Claims Act.  Appellant alleged that on three separate
occasions Appellees Aconducted
themselves in a foolish and unprofessional manner as 








T.D.C.J.-ID Correctional
Supervisors by deliberately, intentionally, and knowingly violating my civil
rights and my Eighth Amendment of the United States Constitution, by being
deliberately indifferent in getting me some thermal underwear . . . .@ 
Appellant did not allege he suffered any property damage or personal
injury from the use of tangible personal or real property, rather Appellant
alleged that Appellees negligent conduct violated his civil rights.  The pleadings of a pro se litigant are
to be liberally construed.  See
Johnson v. McAdams, 781 S.W.2d 451, 452 (Tex.App.--Houston [1st Dist.]
1989, orig. proceeding)(AThe
Supreme Court directs us to seek the substance of a pro se complaint by
reviewing pro se applications with liberality and patience.@). 
Reading Appellant=s
allegations liberally, we conclude he has failed to allege a cause of action
within the scope of the Texas Tort Claims Act. 
Therefore, the trial court did not err in dismissing Appellant=s alleged tort claim.

Potential
Federal Claim

Construing
Appellant=s
original petition liberally, it appears that Appellant attempted to assert
federal constitutional claims in his cause of action, despite referring to his
action as a ATort-Claim,
pursuant to V.T.C.A. Civil Practice and Remedies Code 101.021(B).@ 
For instance, Appellant asserts as his:

First Cause of Action

 

The actions of all the
Defendants stated in the Statement of Facts denied the Plaintiff of his civil
rights and his Eighth Amendment rights, the Plaintiff=s
Eighth Amendment right to be free from cruel and unusual punishment were
violated when:

 

(A)       When the Defendants retaliated against
the Plaintiff.

 

(B)       When the Defendants harassed the
Plaintiff.

 

(C)       When the Head Warden Casal failed to do
his duty to stop the Defendants=
wrongful acts of cruel and unusual punishment.

 








Appellant did not allege in his petition
that he intended to bring a cause of action under 42 U.S.C. ' 1983, however, he did attempt to cite
to several federal cases involving Section 1983 civil rights claims, including Farmer
v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), Estelle
v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and Bivens
v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91
S.Ct. 1999, 29 L.Ed.2d 619 (1971). 
Section 1983 provides a remedy when any Aperson@ acting under color of state law
deprives another of rights, privileges, or immunities protected by the United
States Constitution or laws.  See
Thomas v. Collins, 960 S.W.2d 106, 109 (Tex.App.--Houston [1st Dist.] 1997,
writ denied).  Neither a state nor its
officials acting in their official capacities are Apersons@ under Section 1983.  Will v. Mich. Dep=t of State Police, 491 U.S. 58, 71,
109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); Harrison v. Texas Dep=t of Crim. Justice--Institutional Div.,
915 S.W.2d 882, 888 (Tex.App.--Houston [1st Dist.] 1995, no writ).

In his petition,
Appellant stated that A[t]his
civil action is directed to the Texas Department of Criminal
Justice-Institutional.  Namely, the above
listed staff members of the James A. Lynaugh Unit facility, and also, the
Plaintiff would inform this Court that his civil suit 

(Tort-Claim) against the above
named individuals is in their official capacity.@  A suit against state employees in their
official capacities is equivalent to a suit against the State, therefore,
employees acting in their official capacities share the State=s sovereign immunity.  See Will, 491 U.S. at 71, 109 S.Ct. at
2312; Kentucky v. Graham, 473 U.S. 159, 166-67, 105 S.Ct. 3099, 

3105-06, 87 L.Ed.2d 114
(1985).  Appellant clearly brought his
suit against the four TDCJ employees in their official capacities.  Thus, trial court did not err in dismissing
any potential Section 1983 claim when it dismissed Appellant=s cause Aas
to all claims.@

Dismissal
of Suit under Chapter 14








Within his brief,
Appellant also complains that the trial court abused its discretion in
dismissing his claims as frivolous without holding a hearing on the
merits.  Chapter 14 of the Texas Civil
Practice and Remedies Code applies to a lawsuit brought by an inmate who has
filed an affidavit or unsworn declaration of inability to pay costs.  See Tex.Civ.Prac.&Rem.Code
Ann. ' 14.002
(Vernon 2002).  Section 14.003 permits a
trial court to dismiss a suit before or after process is served if the court
finds that the claim is frivolous or malicious. 
See Tex.Prac.&
Rem.Code Ann. '
14.003(2).  In determining whether a
claim is frivolous or malicious, the court may consider whether:  (1) the claim=s
realistic change of ultimate success is slight; (2) the claim has no arguable
basis in law or in fact; (3) it is clear that the party cannot prove facts in
support of the claim; or (4) the claim is substantially similar to a previous
claim filed by the inmate because the claim arises from the same operative
facts.  See Tex.Prac.&Rem.Code Ann. ' 14.003(b).  The trial court may, in its discretion,
conduct a hearing to determine whether the inmate=s
suite is frivolous.  Tex.Civ.Prac.&Rem.Code Ann.' 14.003(c).  The trial court has broad discretion in
dismissing a suit under Chapter 14 and our review of the dismissal is under an
abuse of discretion standard.  Lentworth
v. Trahan, 981 S.W.2d 720, 722 (Tex.App.--Houston [1st Dist.] 1998, no
pet.).

Here, Appellant
contends the trial court abused its discretion in dismissing his cause without
a hearing.  When the trial court
dismisses a cause without a fact hearing, the issue on review is whether the
trial court properly determined that there was no arguable basis in law for the
suit.  See Hector v. Thaler, 862
S.W.2d 176, 178 (Tex.App.--Houston [1st Dist.] 1993, no writ); see also In
Matter of the Expunction of Wilson, 932 S.W.2d 263, 265 (Tex.App.--El Paso
1996, no writ).  In reviewing that
determination, we examine the types of relief and causes of action Appellant
plead in his petition to determine whether, as a matter of law, the petition
stated a cause of action that would authorize relief.  Lentworth, 981 S.W.2d at 722.








After reviewing
the petition, we conclude the trial court did not abuse its discretion because
conducting of a hearing is discretionary and, as discussed above, there was no
arguable basis in law for Appellant=s
suit.  Moreover, Appellant has not
challenged the trial court=s
finding of numerous procedural deficiencies in his pleadings, which include his
failure to comply with Section 14.004 (requiring that inmate file an affidavit
identifying all prior litigation and stating the operative facts for which
relief was sought in the previous suits), Section 14.005(b) (court shall
dismiss claim if inmate fails to file claim before 31st day after the date
inmate receives the written decision from the grievance system), and Section
14.006(h)(court may dismiss a claim if inmate fails to pay fees and costs
assessed under this section) of the Texas Civil Practice and Remedies Code, and
failure to exhaust his remedies under Section 501.008 of the Texas Government
Code (remedies available under the grievance system).  See Tex.Civ.Prac.&
Rem.Code Ann. ''
14.004, 14.005(b), and 14.006(h); Tex.Gov.Code
Ann. ' 501.008
(Vernon 1998).  Therefore, the trial
court=s order
dismissing Appellant=s
suit can be upheld on any of the stated grounds.  We overrule all of Appellant=s issues on appeal.

We affirm the
trial court=s
dismissal order.

 

August
31, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.