

**NUMBER 13-08-00417-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

LAWRENCE EDWARD THOMPSON,                                    Appellant,

v.

JOSE ALISEDA AND RISSIE OWENS,                                    Appellees.

---

### On appeal from the 156th District Court of Bee County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Lawrence Edward Thompson, is currently incarcerated at the Darrington

Unit of the Texas Department of Criminal Justice ("TDCJ").  Acting pro se, he appeals from

the trial court's May 19, 2008 dismissal order in favor of appellees, Jose Aliseda and Rissie

Owens.[1]  By three issues, Thompson contends that the trial court abused its discretion in

dismissing his claims for:  (1) failing to file an affidavit describing previous lawsuits he had

---

[1] Aliseda is a Member, and Rissie Owens is the Chair, of the Texas Board of Pardons and Paroles.

filed; (2) failing to provide any grievance records from the Board of Pardons and Paroles; and (3) lack of subject matter jurisdiction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Thompson filed his pro se original petition on October 26, 2007, asserting claims under sections 1981, 1983, 1985, and 1986 of title 42 of the United States Code. Specifically, Thompson alleged the following:

> Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 for violation of Plaintiff's rights by conspiring to, and arbitrarily and capriciously denying Plaintiff parole through the retroactive use of law, policies, guidelines, and procedures that were not in effect when Plaintiff's commitment offense was committed that makes it harder for Plaintiff to make parole; use of racial and religious discrimination to deny Plaintiff parole; retaliation for Plaintiff's legal and religious activities; requiring Plaintiff to participate in TDCJ-sponsored programs that violate Plaintiff's chosen religious beliefs; a failure to supervise and train; and a violation of Texas law in reviewing Plaintiff for parole.

Among other things, Thompson did not file: (1) an affidavit of inability to pay; (2) a printout of the last three months of his TDCJ trust account; (3) an affidavit documenting the previous lawsuits he had filed; or (4) a written decision from a grievance system.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004-.005 (Vernon 2002). Accordingly, the trial court assessed filing fees against Thompson and ordered a copy of Thompson's inmate trust account.[3] Thompson's inmate trust account indicated that as of November 9, 2007, he had

_____

[2] On June 30, 2008, Thompson filed an affidavit of inability to pay costs, thereby triggering the provisions of chapter 14 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002). The record, however, does not indicate that Thompson filed an affidavit chronicling previous lawsuits he has filed in accordance with section 14.004 of the civil practice and remedies code. *See id.* § 14.004. Thompson's failure to file such an affidavit would, in and of itself, be sufficient to warrant a dismissal of his claims without prejudice. *See Bell v. Tex. Dep't. of Criminal Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied) (holding that "when an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous").

[3] The trial court also ordered the Attorney General to file an answer on behalf of appellees within 120 days of its order and to advise the trial court as to whether Thompson had complied with all the statutory requirements of chapter 14 of the civil practice and remedies code. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014.

a balance of $.01 and that he was declared indigent on October 30, 2007.

On February 15, 2008, the Attorney General's Office filed an "*Amicus Curiae Advisory*" on behalf of appellees, contending that Thompson's claims should be dismissed because: (1) he had failed to file an affidavit of previous filings; (2) he did not exhaust all of his administrative remedies; and (3) his claims should have been brought pursuant to a writ of habeas corpus, and, therefore, the trial court lacked subject matter jurisdiction.

On May 19, 2008, the trial court dismissed Thompson's claims. In particular, the trial court noted the following in its order:

> Plaintiff complains of the action of the Texas Board of Pardon[s] and Parole[s] in establishing his release date from prison.
>
> Plaintiff has not filed a separate affidavit or unsworn declaration identifying each pro se lawsuit, by listing the operation [sic] facts, the case name, cause number, and court filed, parties and results of the suit, including whether the suit was dismissed pursuant to Chapter 14 of the Texas Practice and Remedies Code.
>
> Plaintiff has not complied with the requirements of Texas Government Code Annotated Section 501.008 by failing to provide any grievance records from the Board of Pardons and Parole[s].
>
> The Plaintiff is requesting his parole revocation in 2005 be reconsidered by the Court. This court has no subject matter jurisdiction over such issues.
>
> Plaintiff may in fact be attempting to invoke Habeas Corpus relief in his petition. Article 11.07 Code of Criminal Procedure controls habeas corpus relief in Texas [c]riminal [c]ases. . . . This court lacks jurisdiction of his habeas request.

This appeal ensued.

## II. ANALYSIS

In his third issue, Thompson alleges that the trial court abused its discretion in dismissing his claims for lack of subject matter jurisdiction. Specifically, Thompson argues that the trial court was incorrect in concluding that the substance of his petition pertained

only to his 2005 parole revocation. Instead, Thompson appears to assert that the TDCJ continuously discriminated against him at various parole hearings.[4]

## 1. Standard of Review

Subject matter jurisdiction is an essential part of the authority of a court to decide a case, and it is never to be presumed and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). The reviewing court determines whether subject matter jurisdiction exists as a question of law, subject to de novo review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

"Because we evaluate pro se pleadings liberally in order to determine the merits of the complaint, we review the same claims and grounds for jurisdiction as below." *Martin v. State Bd. of Criminal Justice*, 60 S.W.3d 226, 228 (Tex. App.–Corpus Christi 2006, no pet.) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Johnson v. McAdams*, 781 S.W.2d 451, 452 (Tex. App.–Houston [1st Dist.] 1990, no writ)).

## 2. Discussion

In his original petition, Thompson takes issue with the manner in which numerous parole hearings were conducted. Thompson alleges, without providing sufficient evidence, that the TDCJ continuously discriminated against him in parole hearings conducted on January 1, 1991, May 13, 1993, June 6, 1994, May 25, 1998, August 2000, August 2,

---

[4] To the extent that Thompson challenges the constitutionality of the Board of Pardons and Paroles procedures governing parole, we note that "Texas law does not create a liberty interest in parole that is protected by due process." *Martin v. State Bd. of Criminal Justice*, 60 S.W.3d 226, 230 (Tex. App.–Corpus Christi 2006, no pet.) (citing *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995)); *see Johnson v. Davis*, 178 S.W.3d 230, 239 (Tex. App.–Houston [14th Dist.] 2005, pet. denied). Therefore, because he has no liberty interest in obtaining parole, an inmate cannot attack the constitutionality of procedural devices attendant to parole decisions. *See Martin*, 60 S.W.3d at 230 (citing *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995)). Moreover, "[a] district court has no constitutional or statutory jurisdiction to exercise supervisory control over prison officials." *Martin*, 60 S.W.3d at 229 (citing *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.–Houston [14th Dist.] 1993, writ denied)).

2006, and August 2, 2007, because he is a Muslim African-American.[5]

The United States Supreme Court has held that an inmate in state custody cannot use a section 1983 action to challenge "the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Instead, the inmate should file a petition for writ of habeas corpus. *Id.* In the present case, Thompson essentially argues that he was denied parole and his confinement was extended because the Board of Pardons and Paroles engaged in various forms of discrimination. As such, Thompson should have asserted his claims in a petition for writ of habeas corpus. *See id.*

In addition, Texas courts have held that a person alleging irregularities occurring during parole proceedings should raise those issues by way of a post-conviction application for writ of habeas corpus under article 11.07 of the code of criminal procedure. *See Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *see also Williams v. Owens*, No. 11-06-00184-CV, 2007 Tex. App. LEXIS 6344, at *5 (Tex. App.–Eastland Aug. 9, 2007, pet. denied) (mem. op.) (per curiam) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Bd. of Pardons & Paroles*, 910 S.W.3d at 484). Article 11.07 of the code of criminal procedure provides that the Texas Court of Criminal Appeals retains the exclusive authority to grant relief in such proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3; *see also Bd. of Pardons & Paroles*, 910 S.W.2d at 484.

Because a writ of habeas corpus is the exclusive remedy for addressing alleged irregularities occurring during parole proceedings, and because Thompson is essentially challenging the duration of his incarceration, the trial court did not have jurisdiction to grant

---

[5] Thompson noted in his original petition that he was granted parole on June 12, 2002, but that his parole was revoked on June 23, 2005.

Thompson the relief requested in his original petition. Therefore, the trial court did not abuse its discretion in dismissing Thompson's claims for lack of subject matter jurisdiction. Accordingly, we overrule Thompson's third issue.

Because we have concluded that the trial court lacked subject matter jurisdiction over Thompson's claims, we need not address Thompson's two remaining issues on appeal. *See* TEX. R. APP. P. 47.1; *see also Williams*, 2007 Tex. App. LEXIS 6344, at **5-6 (concluding that the trial court lacked subject matter jurisdiction over an inmate's claims against the Texas Board of Pardons and Paroles and, therefore, affirming the trial court's dismissal of the inmate's claims without addressing the inmate's other issues).

## IV. CONCLUSION

We affirm the trial court's order of dismissal.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 29th day of January, 2009.

6