# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00064-CV

---

**Armon Crenshaw, Appellant**

**v.**

**Shanique Thomas, Appellee**

---

### FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 18-0620-F395, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Armon Crenshaw complains of the trial court's Order on Enforcement and Temporary Orders related to his possession of or access to his daughter, A.J.; appellee, Shanique Thomas, is A.J.'s mother.[1] We dismiss the appeal for want of jurisdiction.

A.J. was born in July 2012. In 2018, the Williamson County district court signed a final order establishing the parent-child relationship, finding that Crenshaw is A.J.'s father, appointing Thomas managing conservator and Crenshaw possessory conservator, ordering Crenshaw to pay monthly child support, and including a possession and access order that set out when Crenshaw could have weekend possession of the child and when and for how long he

---

[1] Crenshaw and Thomas both appear pro se. Although pro se litigants are held to the same procedural standards as are attorneys, *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978), we read pro se pleadings liberally to discern the substance of the complaints, *see Johnson v. McAdams*, 781 S.W.2d 451, 452 (Tex. App.—Houston [1st Dist.] 1989, no writ). We will not, however, overlook a lack of supporting facts or a failure to meet procedural requirements. *See Cohn*, 573 S.W.2d at 184-85; *Johnson*, 781 S.W.2d at 452-53.

could have longer possessions for holidays and summers. In July 2019, Crenshaw filed in Travis County a petition to modify the parent-child relationship, asserting that the Travis County district court had continuing, exclusive jurisdiction because of an earlier proceeding involving a protective order. He asked that he be given the right to designate A.J.'s primary residence and that Thomas either be denied access to the child or awarded only supervised visitation. When Thomas filed a motion to dismiss noting that the protective order had expired in 2015 and that Williamson County had issued the order establishing the parent-child relationship, Crenshaw filed a motion to transfer his petition to Williamson County. In September 2019, the Travis County district court transferred the case to Williamson County, which consolidated Crenshaw's motion to modify into the original cause number.

In September 2020, Crenshaw filed a motion for enforcement alleging that Thomas had refused multiple times to allow him possession as ordered by the court, and in November 2020, the trial court held a hearing on Crenshaw's motions to enforce, for contempt, and for temporary orders. Crenshaw testified that Thomas had denied him visitation between August 2019 and September 2020, after he filed his petition to modify. Thomas had recently allowed him to have visitation again, but he had missed almost a year of visitations. Crenshaw explained that he was seeking to change custody and to have Thomas held in contempt and ordered to pay fines and "be incarcerated for as long as the Court feels appropriate."

At the close of the hearing, the trial court stated that although Thomas had testified that Crenshaw had never told her when he wanted visits, she had "pretty much" admitted that she was not going to allow Crenshaw to have visitation. However, the court declined to hold Thomas in contempt because it did not think the original order was specific enough, noting that the order included "multiple different places that it talks about where the

2

drop-off and the exchange is going to be." The court explained that it was going to keep the original order's provision about Crenshaw having visitation on the first, third, and fifth weekends but was "going to change the order to where the exchanges are all going to be at the police station at 6:00. No confusion, no text messaging, no whatever." The court signed an order stating that it found that: "the following Temporary Parenting Plan" was in A.J.'s best interest; Thomas had violated the original order; the original order was not specific enough to warrant contempt; Crenshaw was "entitled to make-up possession of a total of 49 days," explaining how Crenshaw would make up his missed time; and Thomas should pay Crenshaw $2,000 in attorney's fees through monthly $200 installments.

Crenshaw filed this appeal, arguing that the trial court abused its discretion in not holding Thomas in contempt and in failing to act on information indicating that A.J. had been exposed to persons with criminal backgrounds. He also asserts that the court improperly allowed Thomas to create a "false narrative" about Crenshaw, "divert[ing] attention off of her criminal activities," and asks this Court to "[g]rant an investigation of judicial misconduct" into the trial court judge.

A trial court's contempt order, including a refusal to hold a party in contempt, is not a final, appealable judgment subject to our review. *See, e.g.*, *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985); *In re Jensen*, No. 03-20-00207-CV, 2020 WL 4462803, at \*2 (Tex. App.—Austin July 15, 2020, orig. proceeding) (mem. op.); *Haffelfinger v. Adams*, No. 03-12-00512-CV, 2013 WL 6178570, at \*1 (Tex. App.—Austin Nov. 21, 2013, orig. proceeding) (mem. op.). We thus do not consider Crenshaw's arguments related to the court's refusal to hold Thomas in contempt. Furthermore, Crenshaw's motion to modify remains pending in the trial court, and we may not exercise jurisdiction over an appeal complaining of a trial court's

3

temporary orders. *See* Tex. Fam. Code § 105.001(e); *Perkins v. Perkins*, No. 03-21-00135-CV, 2021 WL 2816008, at \*1 (Tex. App.—Austin July 7, 2021, pet. denied) (mem. op.); *C.S. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-14-00610-CV, 2014 WL 5801895, at \*1 (Tex. App.—Austin Nov. 7, 2014, no pet.) (mem. op.).

Because the order Crenshaw seeks to appeal is not one from which an interlocutory appeal may be taken, we dismiss the appeal for want of jurisdiction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed: June 16, 2022