

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE | § | |
| | | No. 08-24-00122-CV |
| ROBERT K. HUDNALL and SHARON E. HUDNALL, | § | |
| | | AN ORIGINAL PROCEEDING |
| | § | |
| Relators. | | IN MANDAMUS |
| | § | |

## **MEMORANDUM OPINION**

Relators Robert K. Hudnall and Sharon E. Hudnall, proceeding pro se, filed a petition for writ of mandamus against the Honorable Angie Juarez Barill, Presiding Judge of the 448th District Court of El Paso County, Texas. The petition asserts a variety of complaints about the course of the proceedings in trial cause number 2015DCV1113. We deny relief.

Mandamus relief is available as long as relators meet the well-established mandamus standard, which includes two requirements. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *In re Chevron U.S.A., Inc.*, 419 S.W.3d 341, 346 (Tex. App.—El Paso 2010, orig. proceeding). First, relators must show that the trial court clearly abused its discretion. *In re Prudential*, 148 S.W.3d at 135. Second, they must show they have no adequate remedy by appeal. *Id.* Relators bear the burden to properly request and show entitlement to mandamus relief. *See Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In*

*re Bunzl USA, Inc.*, 155 S.W.3d 202, 208 (Tex. App.—El Paso 2004, orig. proceeding). In doing so, relators must provide the reviewing court with a record sufficient to establish their right to mandamus relief. *See Walker,* 827 S.W.2d at 837; *see also* Tex. R. App. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (providing that relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

Relevant to this proceeding, the United States Supreme Court directs courts to review pro se applications with less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, we review a relator's application for mandamus with patience and liberality in determining the merits of the complaints. *Johnson v. McAdams*, 781 S.W.2d 451, 452 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding); *see also Ex parte Benavides,* 801 S.W.2d 535, 537 (Tex. App.—Houston [1st Dist.] 1990, writ dism'd w.o.j.). Even so, pro se litigants are held to the same procedural standards as applied to other litigants. *Smart v. Prime Mortgage & Escrow, LLC*, 659 S.W.3d 155, 160 (Tex. App.—El Paso 2022), *cert. denied*, 143 S. Ct. 533 (2022); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, [leave denied]) (per curiam). Notably, the Texas Supreme Court has reasoned that, "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

Relators' petition here asserts they were treated differently as pro se litigants compared to parties represented by licensed attorneys; that the trial court failed to consider and rule on multiple, pending motions; that the 448th District Court lacked jurisdiction to hear the case and to refer it to arbitration; that the claims of real parties in interest were baseless, both legally and factually; that

evidence was improperly admitted; that the trial court erred in rejecting Relators' defenses of res judicata and collateral estoppel; and that the contract at issue between the parties was in fact terminated, or alternatively, that it was breached by the real parties in interest. We first determine these complaints fall into two groups: first, complaints about purportedly pending motions not ruled on by the court; and second, complaints about substantive matters related to the merits of the case.

As for the first group of complaints, Relators assert that multiple motions remain pending without a trial court ruling. To show an abuse of discretion, relators must establish the following: (1) a legal duty to perform, (2) a demand for performance, and (3) a failure or refusal to act. *In re Hudspeth Cnty.*, No. 08-21-00169-CV, 2021 WL 5078823, at *3 (Tex. App.—El Paso Nov. 2, 2021, orig. proceeding). It is well established that "[a] trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act." *In re Liverman*, 658 S.W.3d 881, 882 (Tex. App.—El Paso 2022, orig. proceeding). Here, although mandamus is proper for this type of complaint, Relators have provided no record in their appendix establishing their entitlement to relief. *See Barnes*, 832 S.W.2d at 426 ("Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). Although a list of purportedly pending motions is included in the appendix, no file-stamped motions are provided nor other supporting records demonstrating a presentment to the trial court. Thus, the mandamus record does not show what, when, or if, Relators' motions were properly filed, nor whether any of the listed motions were ever presented to the trial court. *See In re Villarreal,* 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (noting that a relator must demonstrate that the trial court was aware of the document). In the absence of such proof, Relators have failed to sufficiently show that Respondent had a legal duty to perform,

that Relators made an adequate demand for performance, and that Respondent failed or refused to act. *See id.* Accordingly, no clear abuse of discretion was established.

Second, as for the second group of complaints, Relators assert a range of substantive matters and issues connected to the merits of the case. Relators' complaints, however, falter on the second requirement, i.e., a showing of a lack of an adequate remedy by appeal. *In re Prudential*, 148 S.W.3d at 135–36. Here, prior to their filing of this mandamus action, Relators filed a direct appeal to this Court wherein their notice of appeal states the appeal challenges the trial court's final judgment and "any other rulings subsumed therein." Relators' direct appeal remains pending in this Court, docketed as cause number 08-24-00087-CV. Thus, as for the group of substantive issues and complaints, Relators fail to establish they lack an adequate remedy on appeal.

Accordingly, we deny Relators' petition for mandamus relief. *See* Tex. R. App. P. 52.8(a).

GINA M. PALAFOX, Justice

June 18, 2024

Before Alley, C.J., Palafox and Soto, JJ.

4