**Raymond Lamar FISHER, Relator,**

v.

**HARRIS COUNTY REPUBLICAN EXECUTIVE COMMITTEE and Robert Allen Walker a/k/a Rob Walker, Respondents.**

**No. 01–88–00026–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 13, 1988.

U. Lawrence Boze–Burney, Caggins & Hartsfield, Zinetta A. Burney, Houston, for relator.

George Strait, Houston, for respondents.

Before EVANS, C.J., and JACK SMITH and HOYT, JJ.

PER CURIAM.

Relator has filed a writ of mandamus directing the respondent Harris County Republican Executive Committee to refrain from placing the name of relator's election opponent, Robert Allen Walker, a/k/a Rob Walker on the ballot for the March 8, 1988 Republican party primary election as a candidate for the Republican nomination for the office of the 177th Judicial District Court in Harris County. Relator asserts that the petitions filed in support of his opponent's candidacy for the Republican nomination for said office are deficient in the following respects:

(1) At least 80 signatures on Respondent Walker's filed petitions do not show the signer's home city;

(2) At least 28 of the signatures on Respondent Walker's filed petitions do not show the complete date of the signing;

(3) At least 14 of the signatures on Respondent Walker's filed petitions do not contain the signer's voter registration number;

(4) At least six of the signatures on Respondent Walker's filed petitions do not show the signer's zip code;

(5) At least one of the signatures on Respondent Walker's filed petitions does not show the signer's signature; and

(6) Relator Fisher has reason to believe that filed petitions of Respondent Walker also contain an unknown number of invalid voter registration numbers for which evidence will be submitted to this Court.

The relator asserts that he has marked the petitions that contain the alleged deficiencies with asterisks. We find some 26 pages that have asterisks, but only three pages have arrows that point to specific signatures. Except as noted, relator has not specified the particular signatures that are allegedly defective in those petitions and the particular page on which the signature appears, nor has he specified which alleged deficiencies relate to which particular signatures. In the absence of such specification, we may only speculate about which signatures relator complains for a given reason.

In a mandamus proceeding, courts require greater certainty of pleadings than is required in most other civil actions. *Bush v. Vela*, 535 S.W.2d 803 (Tex.Civ.App.—Corpus Christi 1976, orig. proceeding). The relator's petition must clearly and directly set out the facts that entitle him to relief. *Id.* at 805. This "stringent test of exactness" is necessary, because mandamus is an extraordinary remedy that should not issue "without careful, individual scrutiny of the facts alleged." *Id.; see also Johnson v. Hughes*, 663 S.W.2d 11, 12 (Tex.App.—Houston [1st Dist.] 1983, orig. proceeding). Therefore, the writ is not available unless the petition is "specific and positive in its averments" showing a clear and unqualified right to the writ. *McGuire v. City of Dallas*, 151 S.W.2d 617, 618 (Tex.Civ.App.—Waco 1941, writ dism'd, jdgmt cor.); *see also Narro Warehouse, Inc. v. Kelly*, 530 S.W.2d 146,

149 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

We hold that the allegations in relator's petition for writ of mandamus are not sufficiently clear and specific as would authorize this Court to grant the requested relief. We therefore decline relator's petition for leave to file.

Relator's motion for leave to file a petition for writ of mandamus is overruled.