NO. 07-12-00220-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 27, 2012

_____

IN RE BRUCE DWAYNE CARRINGTON

_____

ON PETITION FOR WRIT OF MANDAMUS

Relator, Bruce Dwayne Carrington, has filed in this Court his petition for writ of mandamus. In his petition, he asks this Court to compel Respondent, the Honorable Bradley S. Underwood, presiding judge of the 364th District Court of Lubbock County, to fulfill his ministerial duty to receive and file all communications between the jury and the trial court in a criminal proceeding.[1] More specifically, he requests that this Court issue a writ of mandamus directing Judge Underwood to provide Carrington with the original jury note which was written and prepared by the jury foreman in cause number 2003-402,456 and provide Carrington with a copy of the original jury note as well so that he

_____

[1] Carrington cites Respondent's duties outlined in TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006).

may appeal matters relating to the note in connection with his conviction in 2003 for aggravated robbery and his resulting thirty-year sentence.[2]

Setting aside the obvious concerns and questions regarding timing and jurisdictional defects of any appeal Carrington may seek with regard to his 2003 conviction, we look to the basis of Carrington's petition. His petition appears to be based on his contention that the note included in the appellate record on direct appeal "was a false jury note written and prepared by Judge Bradley Underwood." Carrington presumes that there is an authentic jury note–a "real" jury note–that was actually written and prepared by the jury foreman and insists that he be provided the original "real" jury note and a copy of it as well so that he can prepare another appeal, apparently another appeal from his original 2003 conviction.

Carrington provides a number of examples of what he claims to be Judge Underwood's handwriting and compares those examples to the jury note he claims to have been forged. In four pages of his analysis of the handwriting on the various documents, he concludes, based on his observations and calculation, that 100% of the *G*s, 92.3% of the *A*s and *D*s, 88.8% of the *H*s and 50% of the *N*s match. Based on these percentages and his various other observations on handwriting characteristics, he

---

[2] Carrington's original direct appeal of his conviction was dismissed for want of jurisdiction for failure to timely file a notice of appeal. See Carrington v. State, No. 07-03-00541-CR, 2004 Tex. App. LEXIS 1112 (Tex.App.—Amarillo Feb. 4, 2004, no pet.) (mem. op.). The Texas Court of Criminal Appeals granted Carrington an out-of-time appeal. Ex parte Carrington, No. AP-75,094, 2005 Tex. Crim. App. Unpub. LEXIS 12 (Tex.Crim.App. Feb. 9, 2005) (orig. proceeding) (per curiam). This Court addressed the merits of his appeal and affirmed his conviction, and the Texas Court of Criminal Appeals refused his petition for discretionary review. See Carrington v. State, No. 07-05-00091-CR, 2006 Tex. App. LEXIS 2867 (Tex.App.—Amarillo Apr. 10, 2006, pet. ref'd) (mem. op.).

concludes it must be Judge Underwood who wrote the jury note that was included in the appellate record. Again, Carrington presumes that there is a "real" jury note and wants the original note and a copy of it as well. He comes to this Court asking that we issue a writ of mandamus to compel Judge Underwood to provide Carrington this hypothetical "real" note.

To be entitled to mandamus relief, a relator must show that he or she has no adequate remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act, not involving a discretionary or judicial decision. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007) (orig. proceeding). Relator bears the burden to properly request and show entitlement to mandamus relief. See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). "Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam); see In re Villarreal, 96 S.W.3d 708, 710 (Tex.App.—Amarillo 2003, orig. proceeding) (concluding that incarcerated relator acting *pro se* still obligated to abide by pertinent rules of procedure, including satisfying burden of proof).

A petition for writ of mandamus must set out clearly, fully, and unreservedly, by direct and positive allegation, every fact necessary to show why the requested relief is mandated. Kopeski v. Martin, 629 S.W.2d 743, 745 (Tex.Crim.App. 1982) (orig. proceeding) (en banc). A mandamus action requires certainty as to both pleadings and facts. Johnson v. Hughes, 663 S.W.2d 11, 12 (Tex.App.—Houston [1st

Dist.] 1983, orig. proceeding). We may not deal with disputed areas of fact in a mandamus proceeding. See West v. Solito, 563 S.W.2d 240, 245 (Tex. 1978) (orig. proceeding). This "stringent test of exactness" is necessary because mandamus is an extraordinary remedy that should not issue "without careful, individual scrutiny of the facts alleged." Fisher v. Harris Cnty. Republican Exec. Comm., 744 S.W.2d 339, 340 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding) (quoting Bush v. Vela, 535 S.W.2d 803, 805 (Tex.Civ.App.—Corpus Christi 1976, orig. proceeding)).

Carrington's petition asks us to resort to speculation or supposition, and we will not do so. See In re Gray, No. 07-12-00152-CV, 2012 Tex. App. LEXIS 4262, at *8 (Tex.App.—Amarillo May 25, 2012, orig. proceeding) (per curiam) (mem. op.); see Frink v. Blackstock, 813 S.W.2d 602, 604 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding) (denying mandamus relief when the petition "leaves us speculating about the justification for the requested coercive action"). "Such speculation is not proper in a petition for writ of mandamus." In re Stormer, No. WR-66,865-01, 2007 Tex. Crim. App. Unpub. LEXIS 1154, at *4 (Tex.Crim.App. June 20, 2007) (orig. proceeding) (per curiam).

We would have to presume–or otherwise resolve the disputed matters to arrive at–two facts, at a minimum. First, we would have to conclude that Judge Underwood forged a note from the jury that was included in the original appellate record. Secondly, even if that is the case (which would seem incredibly doubtful), we would have to go one step further to presume that there was, in fact, a "real" note that was written by the

4

jury foreman.[3] We will not engage in such wildly inappropriate speculation and resolution of disputed facts in addressing a petition for writ of mandamus.[4]

Carrington has provided nothing that would establish with the requisite degree of certainty that he is entitled to the relief requested. He has not shown that Judge Underwood falsified a note from the jury and that he therefore failed to fulfill his duties under Article 36.27. Further, he has failed to show that there exists a "real" jury note and that Judge Underwood had a ministerial duty to provide Carrington with the original "real" note and a copy but failed–when requested–to perform such a duty. In sum, Carrington has failed to show his clear and unqualified right to the extraordinary relief he seeks, and we deny him such. See Fisher, 744 S.W.2d at 340.

Accordingly, we deny Carrington's petition for writ of mandamus. See TEX. R. APP. P. 52.8(a).

Mackey K. Hancock
Justice

---

[3] We add that, even were we to presume that this hypothetical "real" jury note does exist, Carrington has failed to show that he has requested and was denied such note. As a general rule, a "party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam). That is to say, a relator must show that the trial court received, was aware of, and was asked to rule on the motion or request. In re Villarreal, 96 S.W.3d at 710; see In re Guetersloh, 326 S.W.3d 737, 740 (Tex.App.—Amarillo 2010, orig. proceeding) (per curiam) (observing that relator must show a demand for performance and a refusal to act); In re Chavez, 62 S.W.3d 225, 228 (Tex.App.—Amarillo 2001, orig. proceeding) (holding that mandamus relief unavailable absent a showing that trial court failed or refused to rule on motion within a reasonable time thereafter).

[4] Moreover, a relator must certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. See TEX. R. APP. P. 52.3(j). Carrington has not done so.