

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00030-CV

IN RE BRUCE CARRINGTON, RELATOR

Original Proceeding

February 25, 2014

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator, Bruce Dwayne Carrington, has filed in this Court his petition for writ of mandamus. In his petition, he again asks this Court to compel Respondent, the Honorable Bradley S. Underwood, presiding judge of the 364th District Court of Lubbock County, to fulfill his ministerial duties to receive and file all communications between the jury and the trial court in trial court cause number 2003-402,456, Relator's

underlying 2003 criminal proceeding.[1]  In that underlying criminal proceeding, Relator was convicted of aggravated robbery and sentenced to thirty years' incarceration.[2]

## Relator's Contentions

In his petition, Relator again advances his contentions that Respondent forged the jury notes that appear as exhibits in the reporter's record of the criminal trial and then manufactured his responses to those forged jury notes.  He has presented this set of allegations previously in *In re Carrington*, No. 07-12-00220-CV, 2012 Tex. App. LEXIS 8197, at *1–3 (Tex. App.—Amarillo Sept. 27, 2012, orig. proceeding).  In his previous petition seeking a writ of mandamus from this Court compelling Respondent to provide Relator with the "real" jury note, Relator undertook a handwriting analysis to support his contention that it was Respondent who wrote the jury notes that appear in the record.  *See id.* at *3.  We declined to issue such a writ, refusing to resort to speculation or supposition when determining whether to issue extraordinary relief.  *See id.* at *5–6 (citing *In re Stormer*, No. WR-66,865-01, 2007 Tex. Crim. App. Unpub. LEXIS 1154, at *4 (Tex. Crim. App. June 20, 2007) (orig. proceeding) (per curiam); *In re Gray*, No. 07-12-00152-CV, 2012 Tex. App. LEXIS 4262, at *8 (Tex. App.—Amarillo

---

[1] Carrington cites Respondent's duties outlined in TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006).

[2] Carrington's original direct appeal of his conviction was dismissed for want of jurisdiction for failure to timely file a notice of appeal.  *See Carrington v. State*, No. 07-03-00541-CR, 2004 Tex. App. LEXIS 1112 (Tex. App.—Amarillo Feb. 4, 2004, no pet.) (mem. op.).  The Texas Court of Criminal Appeals granted Carrington an out-of-time appeal.  *Ex parte Carrington*, No. AP-75,094, 2005 Tex. Crim. App. Unpub. LEXIS 12 (Tex. Crim. App. Feb. 9, 2005) (orig. proceeding) (per curiam).  This Court addressed the merits of his appeal and affirmed his conviction, and the Texas Court of Criminal Appeals refused his petition for discretionary review.  *See Carrington v. State*, No. 07-05-00091-CR, 2006 Tex. App. LEXIS 2867 (Tex. App.—Amarillo Apr. 10, 2006, pet. ref'd) (mem. op.).

May 25, 2012, orig. proceeding) (per curiam) (mem. op.); and *Frink v. Blackstock*, 813 S.W.2d 602, 604 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding)).

In his pending petition, Relator has revised his approach and, this time, points to an unsworn declaration he includes in his appendix, which is purportedly signed by the man who served as jury foreman in the criminal proceeding. This unsworn declaration states that the jury notes included in the reporter's record were not written by the jury foreman and describes the jury note that the foreman wrote and gave to the bailiff. Relator goes on to point out that the note described by the jury foreman, what we may call the hypothetical "real" jury note, is the note that was given to the trial court by the bailiff and that was read in open court. According to Relator's theory, then, only sometime after the hypothetical "real" jury note was read into the record in open court in the presence of all the parties, did Respondent forge the jury notes that were included in the record on direct appeal from his criminal conviction. Then, according to Relator's allegations, Respondent went on to falsify the record by creating responses to the "forged" jury notes, and it was these "forged" notes and "falsified" responses that were included as exhibits in the reporter's record. Relator asks this Court to compel Respondent to comply with the duties imposed on him pursuant to article 36.27 to make the hypothetical "real" jury note part of the record.

## Availability of Mandamus

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress the alleged harm and that he seeks to compel a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial*

3

*Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Relator bears the burden to properly request and show entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). "Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam); *see In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (concluding that incarcerated relator acting *pro se* still obligated to abide by pertinent rules of procedure, including satisfying burden of proof).

A petition for writ of mandamus must set out clearly, fully, and unreservedly, by direct and positive allegation, every fact necessary to show why the requested relief is mandated. *Kopeski v. Martin*, 629 S.W.2d 743, 745 (Tex. Crim. App. 1982) (orig. proceeding) (en banc). A mandamus action requires certainty as to both pleadings and facts. *Johnson v. Hughes*, 663 S.W.2d 11, 12 (Tex. App.—Houston [1st Dist.] 1983, orig. proceeding). We may not deal with disputed areas of fact in a mandamus proceeding. *See West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978) (orig. proceeding). This "stringent test of exactness" is necessary because mandamus is an extraordinary remedy that should not issue "without careful, individual scrutiny of the facts alleged." *Fisher v. Harris Cnty. Republican Exec. Comm.*, 744 S.W.2d 339, 340 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding) (quoting *Bush v. Vela*, 535 S.W.2d 803, 805 (Tex. Civ. App.—Corpus Christi 1976, orig. proceeding)).

To that end, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re*

4

*Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (providing that a relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Moreover, a relator must certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(j).

Analysis

Included in Relator's appendix are copies of three exhibits from the reporter's record of the proceedings in his underlying direct appeal of his 2003 conviction, appellate cause number 07-05-00091-CR. He identifies these exhibits as the "forged" jury notes and the trial court's "falsified" responses. As we have noted, Relator also includes in his appendix an unsworn declaration purportedly signed by the man who served as foreman during the criminal trial. In this declaration, the declarant states that the jury notes included in the appendix and identified by Relator as the "forged" jury notes were not notes that the jury foreman prepared.[3] Relator also asserts in his petition that the "real" jury note, the one referred to in the unsworn declaration, was the jury note "given to the court by the bailiff from the jury" and "was the note that was read

---

[3] Specifically, the declaration purportedly signed by the jury foreman stated that the original jury note the foreman prepared a decade earlier asked simply, "Did the police officers show the cab driver the knife?" We observe that the unsworn declaration refers to only one jury note; other than allegations of forgery on the part of Respondent, there is no attempted explanation as to the discrepancy between the number of notes in the record and the solitary "real" jury note. Relator maintains that this "real" note was the jury note Respondent read in open court pursuant to article 36.27.

5

in open court." Given this, we understand Relator to assert that the converse is also true, that the "forged" jury notes were not the notes the trial court read in open court.

We pause at this point to note that an appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties. *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) (en banc); *see also In re Weisinger*, No. 12-12-00013-CR, 2012 Tex. App. LEXIS 2151, at *5 n.1 (Tex. App.—Tyler Mar. 19, 2012, orig. proceeding) (mem. op.) (citing *Turner* as authority for taking judicial notice of record in underlying criminal appeal when determining related petition for writ of mandamus); *Trevino v. Pemberton*, 918 S.W.2d 102, 103 n.2 (Tex. App.—Amarillo 1996, orig. proceeding) (citing *Turner* for similar conclusion and observing that mandamus proceeding and underlying cause were sufficiently related such that, in a pending mandamus proceeding, appellate court may judicially notice record in underlying cause). Because Relator's petition deals directly with the record in appellate cause number 07-05-00091-CR, because Relator was a party to those proceedings, and because Relator has presented for our consideration certain portions of that very record, we conclude that the instant mandamus proceeding and the direct appeal of Relator's criminal conviction are sufficiently related such that we may take judicial notice of our own official records in appellate cause number 07-05-00091-CR. Further, the gravity of the allegations Relator lodges against Respondent and our duty to carefully and individually scrutinize the facts alleged call on us to take such judicial notice. *See Fisher*, 744 S.W.2d at 340.

Conspicuously absent from Relator's appendix is that portion of the reporter's record in cause number 07-05-00091-CR that, if it reflected what Relator represented it

did, would lend virtually unassailable support to Relator's contention that the hypothetical "real" jury note was the note read in open court. Having found such a glaring omission curious, we first considered our authority to judicially notice the remaining portion of the record and, having determined that we were authorized to do so, consulted the official, certified record in the direct appeal in cause number 07-05-00091-CR. *See In re Weisinger*, 2012 Tex. App. LEXIS 2151, at *5 n.1.

On pages 21 through 22 of volume 6 of the reporter's record, we see that, in the presence of the State, Relator, and defense counsel, Respondent read in open court two jury notes and the trial court's proposed and accepted responses to them, all of which are the very same notes and responses included in the reporter's record and all of which Relator has included in his appendix and identified as the purported "forged" jury notes and "falsified" responses. By asserting that the hypothetical "real" note was the note read in open court, Relator has grossly misrepresented to this Court the facts supporting his petition for writ of mandamus.[4] In doing so, Relator has unequivocally failed the "stringent test of exactness" and has likewise failed to show his clear and unqualified right to the extraordinary relief he seeks, and we deny him such. *See Fisher*, 744 S.W.2d at 340.

---

[4] Observing that such a gross misrepresentation to the Court is a potential ground for sanctions, we admonish Relator against filing another petition advancing these baseless allegations that Judge Underwood forged jury notes and falsified the record. Doing so will prompt this Court's consideration of imposition of sanctions for filing a groundless petition. *See* TEX. R. APP. P. 52.11(a); *see also id.* 52.11(c), (d) (characterizing the following as also sanctionable conduct: "grossly misstating or omitting an obviously important and material fact in the petition" and "filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents").

## Conclusion

Because Relator has provided no credible evidence that would show that Respondent has failed to comply with article 36.27, we conclude that Relator has failed to establish that he is entitled to the extraordinary relief he requests. Accordingly, we deny his petition for writ of mandamus. TEX. R. APP. P. 52.8(a).


Mackey K. Hancock
Justice