

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00250-CV

IN RE BRUCE CARRINGTON, RELATOR

Original Proceeding

July 16, 2014

## OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Relator, Bruce Dwayne Carrington, has filed in this Court his petition for writ of mandamus. Though he has unsuccessfully sought mandamus relief on this same general topic on at least three previous occasions, in this, his fourth petition on the matter, he again complains of the absence from the record on his direct appeal of the "real" jury communication with the trial court. Again citing the duties outlined in TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006), Relator re-urges this Court to compel Respondent, the Honorable Bradley S. Underwood, presiding judge of the 364th District Court of Lubbock County, to fulfill his ministerial duties "to record into the record all

communications between the court and jury in a criminal proceeding."[1] We will deny his petition.

## Relator's Contentions

In his three previous petitions for writ of mandamus, Relator has complained that the jury note to the trial court that is contained as an exhibit in the appellate record of his 2003 aggravated robbery conviction is a forgery and does not represent the actual note prepared by the jury foreman in that criminal proceeding.[2] In what is now his fourth attempt at convincing this Court to compel Respondent to direct the inclusion of the "real" jury note into the appellate record, Relator again maintains that the note in the record is a forgery, this time he asserts, "by unknown persons." Consequently, Relator maintains, Respondent has still failed to make certain that the "real" jury note was made part of the record, and this failure violates Respondent's duties pursuant to Article 36.27.

## Availability of Mandamus

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress the alleged harm and that he seeks to compel a ministerial act,

---

[1] Relator's original direct appeal of his conviction was dismissed for want of jurisdiction for failure to timely file a notice of appeal. *See Carrington v. State*, No. 07-03-00541-CR, 2004 Tex. App. LEXIS 1112 (Tex. App.—Amarillo Feb. 4, 2004, no pet.) (mem. op.). The Texas Court of Criminal Appeals granted Relator an out-of-time appeal. *Ex parte Carrington*, No. AP-75,094, 2005 Tex. Crim. App. Unpub. LEXIS 12 (Tex. Crim. App. Feb. 9, 2005) (per curiam). This Court addressed the merits of his appeal and affirmed his conviction, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Carrington v. State*, No. 07-05-00091-CR, 2006 Tex. App. LEXIS 2867 (Tex. App.—Amarillo Apr. 10, 2006, pet. ref'd) (mem. op.).

[2] *See In re Carrington*, No. 07-14-00204-CV, 2014 Tex. App. LEXIS 6092 (Tex. App.—Amarillo June 4, 2014, orig. proceeding) (mem. op.); *In re Carrington*, No. 07-14-00030-CV, 2014 Tex. App. LEXIS 2158 (Tex. App.—Amarillo Feb. 25, 2014, orig. proceeding) (mem. op.); *In re Carrington*, No. 07-12-00220-CV, 2012 Tex. App. LEXIS 8197 (Tex. App.—Amarillo Sept. 27, 2012, orig. proceeding).

not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. procceding). Relator bears the burden to properly request and show entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). "Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam); *see In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (concluding that incarcerated relator acting *pro se* still obligated to abide by pertinent rules of procedure, including satisfying burden of proof).

A petition for writ of mandamus must set out clearly, fully, and unreservedly, by direct and positive allegation, every fact necessary to show why the requested relief is mandated. *Kopeski v. Martin*, 629 S.W.2d 743, 745 (Tex. Crim. App. 1982) (orig. proceeding) (en banc). A mandamus action requires certainty as to both pleadings and facts. *Johnson v. Hughes*, 663 S.W.2d 11, 12 (Tex. App.—Houston [1st Dist.] 1983, orig. proceeding). We may not deal with disputed areas of fact in a mandamus proceeding. *See West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978) (orig. proceeding). This "stringent test of exactness" is necessary because mandamus is an extraordinary remedy that should not issue "without careful, individual scrutiny of the facts alleged." *Fisher v. Harris Cnty. Republican Exec. Comm.*, 744 S.W.2d 339, 340 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding) (quoting *Bush v. Vela*, 535 S.W.2d 803, 805 (Tex. Civ. App.—Corpus Christi 1976, orig. proceeding)).

To that end, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (providing that a relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Moreover, a relator must certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(j).

Analysis

Relator provides nothing that sufficiently demonstrates to this Court that the jury notes and responses included in the record of trial court cause number 2003-402,456 are anything other than the notes prepared by the jury and delivered by the trial court's bailiff to Respondent and Respondent's carefully crafted responses to those notes. In fact, as we noted in our disposition of Relator's second petition, we have gone so far as to review the record in that original appeal and discovered that, despite the representations Relator had made to this Court in his previous filings, the reporter's record demonstrated that the very language of the purportedly "fake" jury note found in the record is the very note read into the record in open court at the time it was received. See *In re Carrington*, 2014 Tex. App. LEXIS 2158, at *7–10. In response, we observed as follows:

> On pages 21 through 22 of volume 6 of the reporter's record, we see that, in the presence of the State, Relator, and defense counsel, Respondent

read in open court two jury notes and the trial court's proposed and accepted responses to them, all of which are the very same notes and responses included in the reporter's record and all of which Relator has included in his appendix and identified as the purported "forged" jury notes and "falsified" responses. By asserting that the hypothetical "real" note was the note read in open court, Relator has grossly misrepresented to this Court the facts supporting his petition for writ of mandamus. In doing so, Relator has unequivocally failed the "stringent test of exactness" and has likewise failed to show his clear and unqualified right to the extraordinary relief he seeks, and we deny him such. *See Fisher*, 744 S.W.2d at 340.

*Id.* at *9–10.

Similarly, in his first petition in which he attempts to compel Respondent to provide a copy of the "real" jury note, Relator undertook a handwriting analysis to support his contention that it was Respondent who wrote the notes that appear as record exhibits. *See In re Carrington*, 2012 Tex. App. LEXIS 8197, at *1–3. We declined to issue mandamus in that instance as well, refusing to resort to speculation or supposition when determining whether to issue extraordinary relief. *See id.* at *5–6 (citing *In re Stormer*, No. WR-66,865-01, 2007 Tex. Crim. App. Unpub. LEXIS 1154, at *4 (Tex. Crim. App. June 20, 2007) (orig. proceeding) (per curiam); *In re Gray*, No. 07-12-00152-CV, 2012 Tex. App. LEXIS 4262, at *8 (Tex. App.—Amarillo May 25, 2012, orig. proceeding) (per curiam) (mem. op.); and *Frink v. Blackstock*, 813 S.W.2d 602, 604 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding)).

In the instant petition, Relator maintains his position that the jury notes included as exhibits to the reporter's record are forgeries and goes even further—as he must after the Court revealed his previous misrepresentations by reference to the reporter's record—to advance the position that the portion of the reporter's record at which the jury notes are read and answered by Respondent are "false transcriptions which conforms

[sic] to the falsified jury note." So, now, both the jury notes as exhibits *and* that portion of the reporter's record are "false entries." He further asserts, in the face of all evidence to the contrary, that the "real" jury note was, in fact, read in open court; it simply was not properly recorded by the official court reporter.

Nothing in Relator's appendix—not the purported unsworn declaration of the jury foreman who claims to remember the note differently over ten years later and not Relator's insistence that the note in the appellate record is a "fake" note—convinces the Court of anything other than what our careful scrutiny of the record has firmly demonstrated to us: that the note included in the appellate record was the note prepared by the jury foreman, delivered by the bailiff to Respondent, read into the record by Respondent, properly addressed and answered by Respondent, and accurately transcribed into the reporter's record. Based on the record of the criminal proceeding and in light of the misleading or baseless representations Relator has made to this Court in his several petitions on this matter, we cannot conclude without resorting to wild speculation that the jury notes included in the record are forgeries "by unknown persons," the "real" jury note or notes having actually been read in open court but the transcription of said reading was falsely recorded to reflect that the "fake" jury notes were read in open court. Such a confused set of facts defies common sense and, as we have noted, is clearly undermined by the record.

## Conclusion

Because Relator has provided no credible evidence that would show that Respondent has failed to comply with Article 36.27, we conclude that Relator has failed

to establish that he is entitled to the extraordinary relief he requests.  Accordingly, we deny his petition for writ of mandamus.  TEX. R. APP. P. 52.8(a).


                                Mackey K. Hancock
                                    Justice