

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-15-00051-CR

---

IN RE ROBERT SHAYNE KINSLOW

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

Relator, Robert Shayne Kinslow, proceeding pro se, has filed a petition for a writ of mandamus against the Honorable Eric Clifford, presiding judge of the 6th Judicial District Court of Lamar County, Texas. For reasons stated herein, we deny Kinslow's petition.

It is Kinslow's burden to properly request and show entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see also In re Carrington*, 438 S.W.3d 867, 868 (Tex. App.—Amarillo 2014, orig. proceeding). In order to obtain mandamus relief, Kinslow must demonstrate "that he has no adequate remedy at law to redress his alleged harm . . . [and] that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Kinslow's request for mandamus relief fails on both counts.

The substance of Kinslow's petition establishes that (1) he pled guilty to two counts of indecency with a child, (2) he received deferred adjudication community supervision on both counts, (3) the trial court subsequently revoked his community supervision, (4) the trial court adjudicated him guilty of two counts of indecency with a child, and (5) he was sentenced to two consecutive twenty-year terms of imprisonment. On December 19, 2014, this Court affirmed Kinslow's convictions. *See generally Kinslow v. State*, No. 06-14-00083-CR, 2014 WL 7204556 (Tex. App.—Texarkana Dec. 19, 2014, no pet.) (mem. op., not designated for publication);

*Kinslow v. State*, No. 06-14-00084-CR, 2014 WL 7204655 (Tex. App.—Texarkana Dec. 19, 2014, no pet.) (mem. op., not designated for publication).

In his mandamus petition, Kinslow asks (1) whether the trial court erred in failing to allow the rescission of his guilty plea to two counts of indecency with a child, (2) whether the trial court erred in imposing two consecutive twenty-year sentences for the offenses, (3) whether the trial court erred in failing to allow Kinslow's counsel to withdraw, (4) whether trial counsel rendered ineffective assistance, and (5) whether he received the proper admonishments with regard to his punishment. Kinslow's petition raises questions and claims that would have been appropriate to address in a direct appeal from the judgments adjudicating him guilty. A clear reading of the petition establishes that Kinslow does not seek to compel a ministerial act, but instead wishes this Court to reconsider its previous rulings based on points of error that were not raised below.

We find that Kinslow has failed to meet his burden of showing entitlement to mandamus relief. Accordingly, we deny his petition for a writ of mandamus.

Ralph K. Burgess
Justice

Date Submitted:     March 23, 2015
Date Decided:       March 24, 2015

Do Not Publish