

NUMBER 13-20-00076-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE TATIYANA ALTECOR

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Perkes[1]**

On February 7, 2020, relator Tatiyana Altecor, proceeding pro se, filed a petition for writ of mandamus arising from trial court cause number C-2974-17-G in the 370th District Court of Hidalgo County, Texas. In this original proceeding, relator raises eight issues contending, in sum, that the trial court abused its discretion by: (1) scheduling hearings on dispositive motions for the same day that a jury trial is scheduled to commence, thereby depriving relator of her constitutional right to a trial by jury; (2)

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

affirming a settlement; (3) refusing to award relator the expenses that she incurred in defending claims filed against her; (4) ruling on various motions for summary judgment; and (5) severing claims between the parties.  Relator further requests an emergency stay of all matters in the trial court, including the trial of this case which is scheduled to commence on February 10, 2020.  We deny the petition for writ of mandamus.

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

The relator bears the burden to properly request and show entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837; *see In re Carrington*, 438 S.W.3d 867,

2

868 (Tex. App.—Amarillo 2014, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). This requirement applies to all relators, including those who proceed pro se. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52. It is clear that the relator has the burden of providing the reviewing court with a sufficient record to establish the right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Carrington*, 438 S.W.3d at 869; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met her burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus and the request for emergency relief. *See* TEX. R. APP. P. 52.8(a), 52.10(b).

GREGORY T. PERKES
Justice

Delivered and filed the
7th day of February, 2020.

3