

NUMBER 13-20-00074-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

## IN RE D.G.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria[1]**

Relator D.G., proceeding pro se, filed a petition for writ of mandamus seeking to compel the Cameron County Juvenile Court to reverse, vacate and dismiss cause number 96-10-523-JB.  We deny the petition for writ of mandamus.

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am*., 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

*Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An order is void when a court has no power or jurisdiction to render it. *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 137 (Tex. 2017). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. When an order is void, the relator need not demonstrate the lack of an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

The relator bears the burden to properly request and show entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837; *see In re Carrington*, 438 S.W.3d 867, 868 (Tex. App.—Amarillo 2014, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). This requirement applies to all relators, including those who proceed pro se. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52. It is clear that the relator has the burden of providing the reviewing court with a sufficient record to establish the right to

mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Carrington*, 438 S.W.3d at 869; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), 52.10(b).

NORA L. LONGORIA
Justice

Delivered and filed the
11th day of February, 2020.