

# NUMBER 13-20-00488-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MARK A CANTU

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

## Before Justices Benavides, Hinojosa, and Tijerina
## Memorandum Opinion by Justice Hinojosa[1]

Relator Mark A. Cantu, proceeding pro se, filed a petition for writ of mandamus seeking to compel the trial court to hold a hearing and rule on his "Second Amended Emergency Motion to Dismiss a/k/a Plea to the Jurisdiction and Motion for a Ruling on Said Motion."[2] We deny the petition for writ of mandamus as stated herein.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator previously filed a petition for writ of mandamus on this same issue which we denied without prejudice. *In re Cantu*, No. 13-20-00443-CV, 2020 WL 6435771, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 30, 2020, orig. proceeding) (mem. op.).

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). For mandamus to issue, the relator must show that the trial court abused its discretion and that no adequate appellate remedy exists to cure the error. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). This burden requires that relator provide the reviewing court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 52.7; *Walker*, 827 S.W.2d at 837; *In re Carrington*, 438 S.W.3d 867, 868 (Tex. App.—Amarillo 2014, orig. proceeding; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding). Under certain circumstances, mandamus relief may be granted for the trial court's refusal to rule on a motion. *See, e.g., In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that the relator has failed to meet his burden to obtain relief. The record is deficient insofar as relator has filed only a copy of his motion, filed on October 22, 2020, and the reporter's record from that same day indicating that the trial court has deferred ruling on this matter for a limited period of time. *See* TEX. R.

APP. P. 52.7; *Walker*, 827 S.W.2d at 837; *In re Carrington*, 438 S.W.3d at 868; *In re Davidson*, 153 S.W.3d at 491. Accordingly, we deny the petition for writ of mandamus without prejudice.

LETICIA HINOJOSA
Justice

Delivered and filed the
19th day of November, 2020.