

# NUMBER 13-21-00078-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI — EDINBURG

## IN RE R. WAYNE JOHNSON

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa[1]

Relator R. Wayne Johnson, proceeding pro se, filed a petition for writ of mandamus seeking to compel the trial court to vacate an order signed on June 14, 2001 in cause number B-01-1159-0-CV-B in the 156th District Court of Bee County, Texas. The order determines that relator is a vexatious litigant and prohibits him from filing any further

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

litigation in Texas courts without first obtaining a prefiling order reflecting the permission of a local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.054, 11.101; *In re Casey*, 589 S.W.3d 850, 852 (Tex. 2019) (orig. proceeding) (per curiam) (stating that Texas's vexatious-litigant statute permits a court to designate a plaintiff a vexatious litigant if the defendant proves that (1) in reasonable probability, the plaintiff will not prevail in the case against the defendant and (2) the plaintiff has a history of pro se litigation covered by the statute).

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving these requirements, *see In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840, and must provide the reviewing court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 52.3(k), 52.7; *Walker*, 827 S.W.2d at 837; *In re Carrington*, 438 S.W.3d 867, 868 (Tex. App.—Amarillo 2014, orig. proceeding).

The Office of Court Administration (OCA) website lists all vexatious litigants subject to prefiling orders. *See* Office of Court Administration, *List of Vexatious Litigants Subject to Prefiling Order*, *available at* https://www.txcourts.gov/judicial-data/vexatious-litigants/

2

(last updated Feb. 5, 2021); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.104(b) (requiring OCA to maintain and post a list of vexatious litigants on the agency's website). Currently, relator appears on OCA's list of vexatious litigants. According to OCA's list, relator was found to be a vexatious litigant in the underlying trial court proceedings and in two other cases originating from Harris County, Texas, and Travis County, Texas.

A clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under § 11.101 of the Texas Civil Practice and Remedies Code unless the litigant obtains an order from the appropriate local administrative judge, as described by § 11.102(a), permitting the filing. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101, 11.102(a); *Nunu v. Risk*, 612 S.W.3d 645, 655–56 (Tex. App.—Houston [14th Dist.] 2020, no pet. h.). However, a clerk of a court of appeals may file an appeal from a prefiling order entered under § 11.101 designating a person a vexatious litigant, or a timely filed petition for writ of mandamus under § 11.102 regarding a decision of the administrative judge denying the litigant permission to file litigation or conditioning permission to file litigation on the litigant's provision of security. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103 (a), (d).

Here, relator did not support his petition for writ of mandamus with an order from an appropriate administrative judge granting relator permission to proceed with the filing. *See id.* § 11.102. By letter dated March 19, 2021, we ordered relator to file a copy of an order from the local administrative judge giving him permission to file this original proceeding within ten days. We cautioned him that failure to provide the written verification of permission to file would result in the dismissal of this original proceeding.

3

Relator did not file such an order and did not otherwise respond to this Court's directive.

Thus, relator has failed to provide this Court with a prefiling order allowing him to proceed with this petition for writ of mandamus. *See id.* §§ 11.101, 11.102(a); And, to the extent that relator's pleading could potentially be construed as a notice of appeal of the June 14, 2001 prefiling order, it is almost twenty years too late. *See id.* § 11.103(d); TEX. R. APP. P. 26.1 (providing the deadlines for perfecting appeal). Further, and finally, relator is not seeking mandamus relief from an administrative judge's order denying relator permission to file litigation or conditioning permission to file litigation on relator's provision of security. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(d).

Based on the foregoing, we dismiss relator's petition for writ of mandamus.

LETICIA HINOJOSA
Justice

Delivered and filed on the
12th day of April, 2021.

4