# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00218-CV

**In re Armando Ramos**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Armando Ramos has filed a document styled as a notice of appeal and a motion to compel this Court to take jurisdiction in his appeal. However, Ramos does not refer to any final and appealable judgment or order issued by the trial court. Additionally, in his filings, Ramos states that he has filed several petitions for writ of mandamus with the trial court that have not been ruled on and requests that this Court order the Texas Board of Pardons and Paroles (the "Board") to perform a duty or, alternatively, order the trial court clerk to file his petitions for writ of mandamus to allow the trial court to rule on them. Because this Court only has appellate jurisdiction over final and appealable judgments and orders, *see* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014; *Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), and because Ramos has asked this Court to order the Board or the trial court clerk to perform certain acts, we will construe Ramos's notice of appeal as a petition for writ of mandamus, *see* Tex. R. App. P. 52.1-.11 (governing original proceedings in courts of appeals); *see also Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (explaining that appellate courts look to substance of filing, not its title, to determine relief sought).

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). The "[r]elator bears the burden to properly request and show entitlement to mandamus relief." *In re Carrington*, 438 S.W.3d 867, 868 (Tex. App.—Amarillo 2014, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (noting that pro se petitioner for writ of mandamus "must show himself entitled to the extraordinary relief he seeks"). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *see also* Tex. R. App. P. 52.7(a) (requiring relator to file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), .3(k) (specifying required contents for appendix).

In his filings, Ramos references some type of ministerial act that he would like the Board to perform and indicates that the trial court clerk has not filed his mandamus petitions. However, Ramos has not set out what the act is that he would like the Board to perform or otherwise provide any information or a record that would help establish whether he is entitled to any mandamus relief. *See* Tex. Gov't Code § 22.221; *see also In re Cavazos*, No. 03-15-00005-CV, 2015 WL 307290, at *1 (Tex. App.—Austin Jan. 23, 2015, orig. proceeding) (mem. op.) (observing that petitioner had not shown that appellate court must exercise writ power over Board of Pardons and Paroles in order to enforce appellate court's jurisdiction); *In re P.L.M.*, No. 01-11-00086-CV, 2011 WL 1234692, at *1 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, orig. proceeding) (mem. op.) (noting that appellate courts can only exercise mandamus power over trial court clerk if petitioner establishes that exercise is necessary to enforce appellate court's jurisdiction). Accordingly, we conclude that Ramos has not satisfied his burden of

2

showing that he is entitled to the extraordinary relief of a writ of mandamus and deny his petition for writ of mandamus and his motion to compel. *See* Tex. R. App. P. 52.8(a); *In re Lovett*, No. 03-20-00616-CV, 2021 WL 81856, at *1 (Tex. App.—Austin Jan. 7, 2021, orig. proceeding) (mem. op.).

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Filed:   June 18, 2021