

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

### No. 07-23-00173-CV

---

**PAUL JOHNSON, APPELLANT**

**V.**

**BASTROP CENTRAL APPRAISAL DISTRICT, APPELLEE**

---

On Appeal from the 335th District Court
Bastrop County, Texas[1]
Trial Court No. 2274-335, Honorable Reva Towslee-Corbett, Presiding

---

### September 29, 2023

## MEMORANDUM OPINION

### Before PARKER and DOSS and YARBROUGH, JJ.

Paul Johnson appeals from an order denying his petition for writ of mandamus. Johnson filed his petition after the Bastrop Central Appraisal District (BCAD) failed to provide him with public records he requested pursuant to the Texas Public Information Act (TPIA). We withdraw our opinion and judgment dated August 30, 2023, deny

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

Johnson's motion for en banc reconsideration, substitute this opinion, and affirm the trial court's order.

## BACKGROUND

On November 30, 2022, Johnson made a request for public records to the email address designated by BCAD for TPIA requests. Specifically, Johnson requested, "I want to know who actually made the database entry listing the agricultural market valuation as $4,137, when they made that database entry, and, if [they] were making the entry at the direction of someone else, who that other person was" and "I also want to know who actually made the database entry listing the agricultural market valuation as [$]0, when they made that database entry, and, if they were making the entry at the direction of someone else, who that other person was." Under TPIA, BCAD had ten business days to provide the requested information or notify Johnson that it was requesting an Attorney General decision regarding the request. *See* TEX. GOV'T CODE ANN. §§ 552.221(d), .301(d). After BCAD failed to either provide the requested information or notify Johnson that it was requesting an opinion from the Attorney General, Johnson filed the instant petition for writ of mandamus. BCAD's answer to Johnson's petition was an unverified general denial. At the time it filed its answer, BCAD also filed a plea to the jurisdiction asserting that there was no justiciable controversy because BCAD did not have any public records responsive to Johnson's requests.

On January 24, 2023, the trial court denied Johnson's petition. Johnson filed a request for findings of fact and conclusions of law. The trial court found, inter alia, that no documents existed that responded to Johnson's questions, there was no justiciable

2

controversy between Johnson and BCAD, and Johnson failed to meet his burden of establishing his entitlement to mandamus relief. Johnson subsequently filed a request for additional findings and conclusions, specifically about the lack of a verified answer from BCAD. The trial court did not issue additional findings and conclusions. Johnson timely filed the instant appeal.

## LAW AND ANALYSIS

Johnson presents two issues by his appeal. Those issues contend that BCAD answered Johnson's petition with an unverified general denial. As a result, Johnson argues that this Court must accept all factual allegations made in Johnson's petition as true. BCAD argues that Johnson failed to meet his burden to prove his entitlement to mandamus relief, including by failing to establish that a justiciable controversy exists between himself and BCAD.

When an applicant files a petition for common law mandamus relief, he must prove that the respondent had a legal duty to perform a non-discretionary act, petitioner made a demand for performance of the act, and the respondent refused to perform the act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding). However, the TPIA creates a statutory writ of mandamus under which a requesting party need only show that the governmental body has not complied with the requirements of the Act to obtain mandamus relief. *Tex. Dep't of Pub. Safety v. Gilbreath*, 842 S.W.2d 408, 413 (Tex. App.—Austin 1992, no writ); *see* TEX. GOV'T CODE ANN. § 552.321. Under the TPIA, a governmental body is required to supply public information to any person who may request such information and the failure of the body to provide public information is a

3

clear violation of a duty imposed by the Act, which makes statutory mandamus an appropriate remedy. *Gilbreath*, 842 S.W.2d at 413–14.

"Public information" is defined as "information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business . . . ." TEX. GOV'T CODE ANN. § 552.002(a). The TPIA "compels disclosure of public information that is in existence, but it does not require a government entity to prepare or assemble new information in response to a request." *A & T Consultants v. Sharp*, 904 S.W.2d 668, 676 (Tex. 1995) (orig. proceeding) (analyzing predecessor to TPIA). The Attorney General has issued a decision in accord with *Sharp* that has been adopted by the transferor court in the present case. *See City of El Paso v. Abbott*, 444 S.W.3d 315, 326 (Tex. App.—Austin 2014, pet. denied) (citing Tex. Att'y Gen. ORD–555 (1990)). This AG decision states:

> The Open Records Act does not require governmental bodies to provide answers to general inquiries. Open Records Decision No. 342 (1982). It simply requires, with certain exceptions, that governmental bodies make available information they collect, assemble, or maintain. . . .
>
> The Open Records Act does not mandate the creation of new documents or the compilation of information in response to a request. Open Records Decision No. 342 (1982). Only that information in existence is subject to disclosure. Id.

Tex. Att'y Gen. ORD–555 (1990).

In the present case, Johnson fails to establish that he requested BCAD to produce "public information" as that term is defined by the TPIA. *See* TEX. GOV'T CODE ANN. § 552.002(a). As noted above, he requested the identity of the persons making certain valuation entries, when those entries were made, and the identity of any person directing

4

those persons to make those entries. As such, Johnson did not request records that were already in existence. *See Sharp*, 904 S.W.2d at 676 (TPIA compels disclosure of public information in existence but does not require new information to be assembled to respond to a request). Rather, he requested specific answers to general inquiries. *See* Tex. Att'y Gen. ORD–555 (1990) (TPIA does not require governmental entities to provide answers to general questions). "Subject matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case be justiciable." *Tex. Dep't of Banking v. Mount Olivet Cemetery Ass'n*, 27 S.W.3d 276, 282 (Tex. App.—Austin 2000, pet. denied). Because Johnson failed to prove that a justiciable controversy exists in the present case, we conclude that the trial court did not err in denying Johnson's petition for writ of mandamus.

We note that Johnson also contends that, because BCAD failed to file a verified denial to his petition for writ of mandamus, we must accept all factual allegations he made in his petition as true. Johnson cites cases supporting his proposition and we accept his articulation of the law as correct. *See Hays v. Kessler*, 564 S.W.2d 496, 497 (Tex. Civ. App.—Dallas 1978, orig. proceeding) ("We recognize that when no sworn denial of facts alleged in a petition for mandamus is filed, all factual allegations in the petition must be accepted as true."); *Narro Warehouse, Inc. v. Kelly*, 530 S.W.2d 146, 148 (Tex. Civ. App.—Corpus Christi–Edinburg 1975, writ ref'd n.r.e.) (when neither respondent or real party in interest filed verified denials to mandamus petition, "all allegations of fact contained in the petition must be accepted as true"); *Myers v. Zoning & Planning Comm'n of the City of West Univ. Place*, 521 S.W.2d 322, 324 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.) ("Under the rules of pleading and practice in mandamus actions

where defendants stand solely on an unverified general denial, plaintiff is entitled to summary judgment if his pleadings state facts entitling him to the relief sued for . . . ."). However, nothing in the factual allegations in Johnson's petition entitles him to mandamus relief. He makes no allegation that BCAD could respond to his inquiries by producing records already in existence. In fact, the only factual allegations contained in Johnson's petition establish that his requests were properly submitted to BCAD and that, prior to him filing the instant action, BCAD had neither provided him responsive information nor notified him that it was requesting an AG opinion about the requests. Accepting Johnson's factual allegations as true does not change the fact that his petition does not present a justiciable controversy between the parties and, as such, the trial court did not err in denying Johnson's petition for writ of mandamus.

## CONCLUSION

Having determined that Johnson has failed to show that a justiciable controversy exists, we affirm the trial court's order denying Johnson's petition.


Judy C. Parker
Justice

6